

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00274-CR

---

STEPHEN VINYARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2018-415,793, Honorable Douglas H. Freitag, Presiding

---

July 7, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Stephen Vinyard, was charged with sexual assault, a second-degree felony, and pleaded guilty to the charge.[1]  In August of 2019, the trial court deferred adjudication of Appellant's guilt and placed him on community supervision for a term of ten years.  In February of 2022, the State filed its first amended motion to proceed with

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(1), (f).

adjudication of Appellant's guilt. In its motion, the State alleged that Appellant had violated several conditions of his community supervision, including that Appellant had committed a domestic violence offense, tested positive for alcohol, marijuana, and cocaine, and failed to submit non-dilute specimens for drug testing. At a hearing on the State's motion, Appellant appeared with counsel and entered a plea of not true to the State's allegations. After hearing testimony, the trial court found true certain allegations in the State's motion and adjudicated Appellant guilty of the underlying offense of sexual assault. The trial court sentenced Appellant to fourteen years' confinement in the Texas Department of Criminal Justice. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We modify the judgment to correct an error, affirm it as modified, and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response and the State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

In his *Anders* brief, counsel observes that the written judgment erroneously states that Appellant entered a plea of "true" to the allegations in the motion to adjudicate guilt. The reporter's record reflects that Appellant entered a plea of "not true" to the allegations. This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc). Therefore, we reform the judgment to reflect that Appellant pleaded "not true" to the motion to adjudicate.

Accordingly, the trial court's judgment is affirmed as modified and counsel's motion to withdraw is granted.[3]  *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.